UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

AARON BURKS,

    Plaintiff,

v.                                                                    No. 1:26-CV-219-H

RED LOBSTER HOSPITALITY, LLC,

    Defendant.

### ORDER

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that Aaron Burks's ADA claims against Red Lobster Hospitality, LLC be dismissed with prejudice as time-barred, and that Burks's Title VII claims against Red Lobster be dismissed without prejudice as voluntarily withdrawn. Dkt. No. 16. Burks timely filed objections to the FCR. Dkt. No. 17.[1]

Burks's first objection states that the Magistrate Judge should have applied equitable tolling and equitable estoppel principles to the EEOC filing deadline. Dkt. No. 17 at 8–9. He is correct that "filing a timely charge of discrimination with the EEOC . . . is subject to . . . equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). But Burks has the burden "to provide justification for equitable tolling," and the Supreme Court has instructed courts to apply it "'sparingly.'" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The Fifth Circuit has described three bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving

---

[1] On July 16, Burks filed another set of objections to the FCR. Dkt. No. 19. However, because these objections are untimely and duplicative, the Court will not consider them.

rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [his] rights." *Wilson v. Sec'y, Dep't of Veterans Affs. on Behalf of Veterans Canteen Servs.*, 65 F.3d 402 (5th Cir. 1995), *as amended on denial of reh'g* (Nov. 1, 1995).

But none of these bases apply here. And as the Magistrate Judge pointed out, Burks "was informed after the [state] proceedings that he could bring his civil rights claims before the EEOC for resolution." Dkt. No. 16 at 13 (citing Dkt. No. 12 at 46). Thus, the Court concludes that the Magistrate Judge appropriately enforced the EEOC filing deadline, and Burks's first objection is overruled.[2]

Burks's remaining objections are insufficiently specific to merit de novo review. Although Burks filed two more objections to the FCR,[3] both of them "simply rehash or mirror the underlying claims addressed in the [FCR]" and are therefore "not entitled to de novo review." *Mendez v. Dir., TDCJ-CID*, No. 6:19-CV-320, 2022 WL 1511318, at *1 (E.D. Tex. May 12, 2022). Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the FCR. Burks's ADA claims against Red Lobster Hospitality, LLC are dismissed with prejudice as time-barred, and Burks's Title VII claims against Red Lobster are dismissed without prejudice as voluntarily withdrawn.

---

[2] For the same reasons, the Court overrules the objection insofar as it relies on equitable estoppel.
[3] His third objection is merely an argument in favor of granting leave to amend his complaint. *See* Dkt. No. 17 at 10–11. This, too, was addressed in Judge Parker's FCR. *See* Dkt. No. 16 at 14.

So ordered on July ⟋⟍, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE